**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Donshay JONES, Defendant–Appellant.**

No. 16-10463

United States Court of Appeals,
Fifth Circuit.

Filed April 20, 2017

Brian W. McKay, Esq., James Wesley Hendrix, Assistant U.S. Attorneys, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Darren Robert Hatch, Reagan McLain & Hatch, L.L.P., Dallas, TX, for Defendant–Appellant.

Before SMITH, ELROD, and HAYNES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Defendant-Appellant Donshay Jones pleaded guilty to one count of carjacking in violation of 18 U.S.C. §§ 2119 and 2 and to one count of using, carrying, or brandish-

ing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Jones challenges the constitutionality of § 2119 as applied to him because, he argues, the vehicle he carjacked was removed from interstate commerce. Jones also argues that carjacking does not constitute a "crime of violence" under § 924(c)(1). Because the minimal interstate commerce nexus that our precedent requires for prosecution under § 2119 was satisfied and because carjacking is a "crime of violence" under § 924(c)(1), we AFFIRM the district court's judgment.

## I.

Defendant-Appellant Donshay Jones confronted a woman and her four-year-old son at gunpoint as they were walking from their vehicle to their apartment building late at night. Jones threatened to shoot the woman and her son if she did not give him everything she had in her possession. After the woman gave Jones her car keys, Jones and an accomplice entered the woman's vehicle and drove away. The next day, investigators located Jones and the accomplice along with the stolen vehicle. Jones and the accomplice were both arrested.

Jones was indicted on two counts: one count of carjacking in violation of 18 U.S.C. §§ 2119 and 2; and one count of using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Jones filed a motion to dismiss the indictment, challenging the constitutionality of § 2119 and arguing that the vehicle he carjacked was removed from interstate commerce and therefore beyond the jurisdiction of federal law enforcement. The district court denied this motion. Jones later filed a second motion to dismiss, arguing that the carjacking statute is not a predicate "crime of violence" that could support a conviction under § 924(c). The district court denied this motion as well.

Jones ultimately pleaded guilty to both counts of the indictment while preserving his right to challenge the district court's denial of his two motions to dismiss. Jones stipulated that he committed the robbery, that he brandished a gun in the process, and that the stolen vehicle "was not manufactured in the State of Texas and had been shipped, transported, and received from another state prior to the carjacking." The district court imposed a sentence of imprisonment for a term of 168 months. Jones has appealed both of the district court's orders denying his motions to dismiss the indictment.

## II.

■ We review *de novo* a district court's denial of a defendant's motion to dismiss an indictment. *United States v. Kay*, 513 F.3d 432, 440 (5th Cir. 2007). We also review *de novo* the issue of whether a statute is unconstitutionally vague. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 674 (5th Cir. 2016) (en banc) ("Whether a statute is unconstitutionally vague is a question of law, which we likewise review de novo.").

## III.

Jones raises two arguments on appeal. First, Jones argues that the federal carjacking statute—18 U.S.C. §§ 2119—is unconstitutional as applied to him. Second, Jones argues that the definition of "crime of violence" under 18 U.S.C. § 924(c)(3) is unconstitutionally vague and that carjacking does not otherwise qualify as a crime of violence. Neither of these arguments is persuasive.

### A.

■ Jones contends that the carjacking statute is unconstitutional as applied to him because the stolen vehicle did not have

a sufficient nexus to interstate commerce. Jones admits that the vehicle was manufactured in Michigan and transported to Texas in 2008, but he argues that because the vehicle had not left the state for over five years, no rational basis exists to conclude that the carjacking in this case substantially affected interstate commerce. This narrow view of interstate commerce under § 2119 is foreclosed by our precedent.

Section 2119 prohibits the "tak[ing of] a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation...." 18 U.S.C. § 2119. In *United States v. Coleman*, we held "that the carjacking statute is a valid exercise of congressional authority under the Commerce Clause because Congress could rationally believe that the activity of auto theft has a substantial effect on interstate commerce[.]" 78 F.3d 154, 158 (5th Cir. 1996). We have repeatedly affirmed the constitutionality of the federal carjacking statute and have recognized as "foreclosed" constitutional challenges to the minimal interstate commerce nexus our precedent requires for prosecution under the statute. *See, e.g., United States v. Turner*, 674 F.3d 420, 444 (5th Cir. 2012). Because the vehicle that Jones stole was transported in interstate commerce, his as-applied constitutional challenge to § 2119 fails. *See United States v. Harris*, 25 F.3d 1275, 1280 (5th Cir. 1994) ("So long as the activi-

ty regulated has an effect on interstate commerce it makes no difference that the transported item is now 'at rest' and is no longer 'in' interstate commerce") (quoting *United States v. Johnson*, 22 F.3d 106, 109 (6th Cir. 1994)); *see also Taylor v. United States*, —— U.S. ——, 136 S.Ct. 2074, 2081, 195 L.Ed.2d 456 (2016) ("[I]t makes no difference under our [Commerce Clause] cases that any actual or threatened effect on commerce in a particular case is minimal.").[1]

### B.

■ Jones also argues that the federal carjacking statute is not a predicate "crime of violence" that can support a conviction under § 924(c). A "crime of violence" is defined under § 924(c)(3) as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Jones argues that § 924(c)(3)(B) is unconstitutionally vague under the Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

---

1. Jones argues that the stolen vehicle was in the hands of an "ultimate consumer" and, therefore, not in interstate commerce at the time of the theft. Jones proposes that we adopt the "ultimate consumer" test—as that term is defined in the Fair Labor Standards Act—and apply it on a case-by-case basis to limit the jurisdictional reach of § 2119. Jones does not offer any authority, binding or otherwise, that the "ultimate consumer" doctrine applies to § 2119 or any other criminal con-

text. Jones's novel argument that the ultimate consumer doctrine should be transplanted from the Fair Labor Standards Act context into the carjacking context cannot circumvent our binding precedent. *See Sykes v. Texas Air Corp.*, 834 F.2d 488, 492 (5th Cir. 1987) ("The fact that in [the prior decision] no litigant made and no judge considered the fancy argument advanced in this case does not authorize us to disregard our Court's strong rule that we cannot overrule the prior decision.").

Jones further argues that because § 924(c)(3)(B) is unconstitutional, carjacking does not qualify as a "crime of violence" because it does not fit under § 924(c)(3)(A).

Jones's argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson* is foreclosed by our *en banc* decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016). In *Gonzalez-Longoria*, we held that the definition of "crime of violence" found in 18 U.S.C. § 16(b) remains constitutional in the aftermath of *Johnson. Gonzalez-Longoria*, 831 F.3d at 675–77. The definition of "crime of violence" found in § 16(b) is identical to the definition found in § 924(c)(3)(B); therefore, the definition of "crime of violence" under § 924(c)(3)(B) is not unconstitutionally vague. *See United States v. Chapman*, 851 F.3d 363, 374–75 (5th Cir. 2017).

Further, contrary to Jones's assertion, carjacking fits under the definition set forth in § 924(c)(3)(A)—it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 2119 provides that a person commits an offense when, "with the intent to cause death or serious bodily harm," he takes a motor vehicle "by force and violence or by intimidation." 18 U.S.C. § 2119. Jones contends that because carjacking can be committed by intimidation (*i.e.*, fear of bodily harm), and because a threat to cause harm is not the same as a threat to use force, the "use,

attempted use, or threatened use of physical force against the person or property of another" is not an element that must be satisfied in order to convict a defendant under the federal carjacking statute. Therefore, Jones argues, carjacking is not a "crime of violence" under § 924(c)(3)(A).

Our own precedent, although in the bank robbery context, leads us to conclude that a crime that has as an element a taking "by force and violence or by intimidation" is a "crime of violence" under § 924(c)(3)(A). *See United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017) (holding that the bank robbery statute, 18 U.S.C. § 2113(a)—which similarly requires taking property "by force and violence, or by intimidation"—is a crime of violence under United States Sentencing Guidelines § 4B1.2, which defines "crime of violence" in exactly the same manner as § 924(c)(3)(A)).[2] To hold otherwise would create a circuit split with at least two of our sister circuits. *See In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016) (holding that the elements of carjacking under § 2119 "meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense"); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (holding that the elements of carjacking under § 2119 satisfy § 924(c)(3)(A) and noting that the court is "not aware of any case in which a court has interpreted the term 'intimidation' in the carjacking

---

2. In *Brewer*, the defendants, who were convicted of bank robbery, argued that a person can commit bank robbery by intimidation without threatened, attempted, or actual use of force. *Brewer*, 848 F.3d at 715. We concluded that bank robbery necessarily requires at least an implicit threat to use violent force. *Id.* ("The kind of 'intimidation' that suffices to put a victim in fear of bodily injury during the course of a bank robbery, and which would in turn allow a defendant to complete such a robbery, is the very sort of threat of immediate, destructive, and violent force required to

satisfy the 'crime of violence' definition. It is hard to imagine any successful robbery accomplished by threatening some far removed reprisal that does not involve physical force."). Because bank robbery, like carjacking, requires a taking "by force and violence or by intimidation," we believe our holding in *Brewer* is sufficiently analogous to the federal carjacking statute to conclude that carjacking is also a crime of violence under § 924(c)(3)(A). *See also United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017).

statute as meaning anything other than a threat of violent force"). In light of our precedent addressing an analogous statute, we see no reason to create such a circuit split by holding differently from how our sister circuits have held. *See Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 407 (5th Cir. 2001).

## IV.

For the foregoing reasons, we hold that the district court did not err in denying Jones's motions to dismiss. Accordingly, the district court's judgment is AF-FIRMED.