# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VEROD WOODARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-412-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Verod Woodard pleaded guilty to one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1), and received a sentence of 283 months in prison, to be followed by a three-year term of supervised release. The underlying "crime of violence" was carjacking, in violation of 18 U.S.C. § 2119. On appeal, Woodard contends that the enactment of § 2119 exceeded Congress's authority under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10097

the Commerce Clause.  In *United States v. Coleman*, 78 F.3d 154, 158-59 (5th Cir. 1996), this court rejected a Commerce Clause challenge to the carjacking statute.  Woodard concedes that his argument is foreclosed by *Coleman*, although he contends that the holding has been called into question by the Supreme Court's decision in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012).  As that case did not address the constitutionality of § 2119, we are bound by our decision in *Coleman*.  *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

In addition, Woodard asserts that the firearm conviction was invalid because carjacking no longer qualifies as a "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  As he concedes, his argument that the ruling in *Johnson* renders § 924(c)(3)(B) unconstitutionally vague is foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). *See United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *petition for cert. filed* (July 17, 2017) (No. 17-5285).  Although in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), the Supreme Court granted certiorari on the question whether 18 U.S.C. § 16(b) is unconstitutional in light of *Johnson*, we are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Accordingly, Woodard's unopposed motion for summary disposition is GRANTED.  The judgment of the district court is AFFIRMED.