# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSIYA JAMES WARD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-54-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alfonsiya James Ward pleaded guilty to aiding and abetting armed bank robbery, 18 U.S.C. §§ 2, 2113(a), and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to 71 months for bank robbery and 84 months for the firearm charge, for a total of 155 months of imprisonment, as well as three years of supervised release. Ward appeals the factual basis for his guilty plea to his § 924(c) conviction, arguing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20617

that federal armed bank robbery under § 2113(a) is not a predicate crime of violence for purposes of § 924(c).  Specifically, he argues that armed bank robbery does not fall within § 924(c)(3)(A) because it does not have an element involving the use of force and that § 924(c)(3)(B)'s residual clause definition of crime of violence is void for vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Government has filed an unopposed motion for summary affirmance, or in the alternative, for an extension of time to file a brief.  The Government contends that Ward's arguments are foreclosed by this court's decisions in *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017), and *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).

Ward's argument that his conviction is not a crime of violence within the meaning of § 924(c)(3)(A) is foreclosed by *Brewer*, 848 F.3d at 714-16, wherein this court concluded that armed bank robbery is a crime of violence for purposes of U.S.S.G. § 4B1.2(a)(1), which defines "crime of violence" in exactly the same manner as § 924(c)(3)(A).  *See United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *petition for cert. filed* (July 17, 2017) (No. 17-5285).  Ward's argument that § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson* is foreclosed by *Gonzalez-Longoria*, 831 F.3d at 675-77, in which this court rejected a *Johnson*-based challenge to 18 U.S.C. § 16(b), which includes language nearly identical to that of § 924(c)(3)(B).  *Jones*, 854 F.3d at 740.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the alternative motion for an extension of time for briefing is DENIED AS UNNECESSARY.  The district court's judgment is AFFIRMED.