**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> SAMUEL LUIS GUTIERREZ, *Defendant-Appellant.* | No. 16-35583 <br><br> D.C. Nos. 1:16-cv-03112-LRS 1:14-cr-02094-LRS-1 <br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted December 5, 2017[*]
Seattle, Washington

Filed December 12, 2017

Before:  Diarmuid F. O'Scannlain, Richard C. Tallman,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### 28 U.S.C. § 2255

Affirming the district court's denial of a motion under 28 U.S.C. § 2255 challenging a conviction under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during a crime of violence, the panel held that the federal offense of carjacking is a "crime of violence" under § 924(c).

### COUNSEL

Matthew Campbell, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

Thomas J. Hanlon, Assistant United States Attorney; Michael C. Ormsby, United States Attorney; Joseph H. Harrington, Acting United States Attorney; United States Attorney's Office, Yakima, Washington; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

The sole question presented by this appeal is whether the federal offense of carjacking is a "crime of violence" under 18 U.S.C. § 924(c). We hold that it is.

The facts underlying this case are simple and not in dispute. Samuel Gutierrez approached a woman in a parking lot, pointed a silver handgun at her, and demanded her keys. The woman complied, and Gutierrez drove off with her car. The police were notified immediately and apprehended Gutierrez after a short chase. Gutierrez was found in possession of the victim's cell phone and a loaded, nickel-plated gun.

The government charged Gutierrez with three counts: (1) carjacking, in violation of 18 U.S.C. § 2119; (2) brandishing a firearm during a crime of violence (namely, the carjacking charged in count 1), in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Pursuant to a plea agreement, Gutierrez pleaded guilty to the second count in exchange for the government's dismissal of the first and third counts. The district court sentenced Gutierrez to 180 months in prison, the sentence to which the parties had stipulated under Federal Rule of Criminal Procedure 11(c)(1)(C).

Gutierrez did not take a direct appeal, but less than a year after entry of judgment he filed a motion challenging the validity of his conviction under 28 U.S.C. § 2255. Gutierrez argued that his conviction for brandishing a firearm during a

crime of violence is invalid because the predicate offense for that charge—carjacking—does not qualify as a crime of violence. The district court denied relief after determining that carjacking is a crime of violence and that Gutierrez's conviction is therefore lawful. On appeal, the government does not raise any procedural barriers to our consideration of Gutierrez's collateral attack, so we proceed straight to the merits.

As relevant here, § 924(c) punishes any person who uses or carries a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Clause (A) of this definition is known as the "force clause," while clause (B) is known as the "residual clause." Because we conclude that carjacking constitutes a crime of violence under the force clause, we have no need to address the residual clause.

The Supreme Court has held that to qualify as a "crime of violence" under the force clause, an offense must have as an element the use, attempted use, or threatened use of violent physical force—"that is, force capable of causing physical

pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). The question is whether the offense defined in the carjacking statute meets that standard. Under the categorical approach used to make that determination, the more specific question is whether the least serious form of the offense meets the *Johnson* standard. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). If it does, carjacking qualifies categorically as a crime of violence.

Section 2119 defines carjacking as follows:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall [be punished according to law].

18 U.S.C. § 2119. If the carjacking is committed "by force and violence," it obviously qualifies as a crime of violence under the *Johnson* standard. But the offense can also be committed "by intimidation," and Gutierrez argues that intimidation does not require the use, attempted use, or threatened use of violent physical force.

We have not yet decided whether carjacking constitutes a crime of violence. But each of the other circuits to confront the question after *Johnson* has concluded that carjacking qualifies as a crime of violence. *See United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *Ovalles v. United States*, 861 F.3d 1257, 1267–69 (11th Cir. 2017). In so holding, the Fourth and Fifth Circuits relied on their prior

decisions construing the federal bank robbery statute, which, like the carjacking statute, proscribes robbery "by force and violence, or by intimidation." 18 U.S.C. § 2113(a); *see Evans*, 848 F.3d at 246–47; *Jones*, 854 F.3d at 740. Those two circuits (and others) have held that "intimidation" as used in the federal bank robbery statute requires the threatened use of violent physical force and thus satisfies the *Johnson* standard. *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016); *United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017); *see also United States v. Ellison*, 866 F.3d 32, 39–40 (1st Cir. 2017); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016). The Fourth and Fifth Circuits construed "intimidation" in the federal carjacking statute to mean the same thing as its counterpart in the federal bank robbery statute.

We agree with the analysis of our sister circuits. We, too, have held that "intimidation" as used in the federal bank robbery statute requires that a person take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm," which necessarily entails the "threatened use of physical force." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (citation omitted). As a result, in our court, too, federal bank robbery constitutes a crime of violence. *Id.* We have not addressed in a published decision whether *Selfa*'s holding remains sound after *Johnson*, but we think it does. A defendant cannot put a reasonable person in fear of bodily harm without threatening to use "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140; *see United States v. Castleman*, 134 S. Ct. 1405, 1417 (2014) (Scalia, J., concurring) (bodily injury necessarily involves the use of violent force). Bank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.

We see no reason to interpret the term "intimidation" in the federal carjacking statute any differently. To be guilty of carjacking "by intimidation," the defendant must take a motor vehicle through conduct that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails the threatened use of violent physical force. It is particularly clear that "intimidation" in the federal carjacking statute requires a contemporaneous threat to use force that satisfies *Johnson* because the statute requires that the defendant act with "the intent to cause death or serious bodily harm." 18 U.S.C. § 2119; *see Holloway v. United States*, 526 U.S. 1, 12 (1999) ("The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car."). As a result, the federal offense of carjacking is categorically a crime of violence under § 924(c).

**AFFIRMED.**