**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>LLOYD GEORGE KENNEY,<br><br>    Defendant-Appellant. | No.    16-10117<br><br>D.C. No.<br>1:12-cr-00266-AWI-BAM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted September 13, 2017
San Francisco, California

Before:  WALLACE and WATFORD, Circuit Judges, and SANDS,[**] District Judge.

Defendant Lloyd George Kenney was convicted of Armed Bank Robbery,

Felon in Possession of a Firearm, and Using a Firearm During a Crime of

Violence. He appeals from the denial of replacement counsel, the denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

motion to suppress, and the conviction and sentence. We affirm.

1. The district court did not abuse its discretion in denying Kenney's request for new counsel. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009) (abuse of discretion standard). While counsel opposed Kenney's pro se motions for a continuance of trial and for replacement counsel, his statements and conduct did not demonstrate the attorney-client relationship to be "antagonistic, lacking in trust, and quarrelsome"—a level of breakdown we have previously found when overturning a district court's denial of new counsel. *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 780 (9th Cir. 2001). Here, counsel merely explained to the district court that he was "ready for trial" and that "a continuance wouldn't help." Counsel's decision to oppose a motion for replacement counsel standing alone does not then require the district court to grant such a motion. *Cf. Mendez-Sanchez*, 563 F.3d at 943–44.

Kenney's unilateral decision to refuse to meet with counsel likewise does not necessitate appointing new counsel. Kenney was already on his fourth lawyer, and there is no indication he would have cooperated with a fifth for any length of time. *See id.* at 944. His stated reasons for distrusting his attorney, that counsel showed up unannounced for a presentence interview and picked up a presentence report packet two days early, are minor and reconcilable. *See id.*

Finally, any argument that counsel was ineffective in failing to object to the

Armed Career Criminal Act enhancement or in contesting the Government's position that Kenney should be sentenced to the high end of the guidelines, is beyond the scope of the district court's denial of the motion for replacement counsel which occurred prior to sentencing.

2. The Government demonstrated reasonable suspicion to pull Kenney over based on the following: (1) Kenney was found a quarter mile from the robbery approximately three minutes after the police were dispatched, (2) he was on the first through street in the same direction the robber fled, (3) he was wearing sweat pants and a jacket on a warm morning, (4) he was a bit rushed, and (5) he was parked in an unusual location with no walkways or houses where the officer had never seen a vehicle parked before. *Cf. McNeary v. Stone*, 482 F.2d 804, 807 (9th Cir. 1973) (proximity to crime site, late hour, and seriousness of crime established reasonable suspicion). We consider the objective and reasonable inferences of the evidence, *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000), rendering irrelevant whether any particular witness found a single, specific fact unusual. The district court properly considered the facts supporting reasonable suspicion collectively and did not, as Kenney urges, consider innocent explanations for each fact in isolation. *See United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013). Because those facts together established reasonable suspicion, the district court did not need to make a finding as to whether Kenney

was wearing a helmet when he got into the van.

Officer Todd Parsons pulled over the van Kenney was driving with reasonable suspicion to believe Kenney had robbed a bank and was armed with a handgun. Officer Parsons could not see Kenney when he pulled the vehicle over and could not tell how many other people were in the van. In those circumstances, drawing his weapon and ordering Kenney to keep his hands up, ordering him out of the car and onto the ground, and then detaining him in a patrol car while checking for weapons and other occupants in the van did not escalate the investigatory stop into an arrest. *See Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996). While the stop was intrusive, Officer Parsons understandably feared for his safety based on the specific circumstances of the case and the actions he took to temporarily detain Kenney were reasonable in light of the dangerousness of the situation. *See id.* at 1185.

This case is distinguishable from *Kraus v. Pierce County* where "[t]he only information available to the deputies was that [the defendant's] car had rapidly exited a crowded parking lot near the robbery shortly after the robbery suspect had entered the parking lot on foot." 793 F.2d 1105, 1109 (9th Cir. 1986). In addition to Kenney's proximity to the crime scene in both place and time, and his hurried behavior, Officer Parsons saw Kenney wearing inappropriate clothing for the weather and saw the van parked in a peculiar spot. Kenney was therefore more

likely to be the armed suspect law enforcement was seeking than was the defendant in *Krause*, increasing the chances of a violent encounter.

3. Kenney's 18 U.S.C. § 924(c) conviction need not be vacated because the underlying crime of armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (d) remains a crime of violence under *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). *See United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) (reaffirming *Selfa*). Likewise, the district court did not plainly err in permitting the conviction despite § 2113(a)'s alternative element of extortion. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426–27 (9th Cir. 2011). Extortion is a separate crime from bank robbery "by force and violence, or by intimidation." 18 U.S.C. § 2113(a); *United States v. Watson*, No. 16-15357, 2018 WL 650990, at *3 (9th Cir. Feb. 1, 2018). A jury could not convict Kenney for "bank robbery" if six jurors concluded he extorted a bank employee and six jurors concluded he robbed a bank by threatening force. Therefore, the statute is divisible and we need not consider the alternative extortion element—which Kenney was not charged with violating—in our elements analysis. *See Watson*, 2018 WL 650990, at *3.

4. The district court did not plainly err in holding the conviction of kidnapping for robbery is a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i). That statute defines "violent felony" as one which "has as an element the use, attempted use, or threatened use of physical force against the person of another."

At the time of Kenney's conviction, the relevant portion of California's kidnapping for robbery statute required the defendant to, in part, "forcibly steal, take, or arrest any person." Cal. Penal Code § 207 (1974). Kenney presents cases in which he asserts courts have interpreted the force requirement more broadly than the federal requirement under § 924(e). *Compare In re Michele D*., 59 P.3d 164, 172 (Cal. 2002) *and People v. Camden*, 548 P.2d 1110, 1112–13 (Cal. 1976) *with Johnson v. United States*, 559 U.S. 133, 140 (2010). We review for plain error because the issue was not raised before the district court. *Gonzalez-Aparicio*, 663 F.3d at 426–27. Without controlling authority construing § 207 under § 924(e), and given the "force" clause contained in § 207, any error committed by the district court was not plain. *See United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015).

The district court also did not plainly err in holding Kenney's prior convictions of armed bank robbery are violent felonies. As explained above, armed bank robbery remains a violent felony in this circuit. *Watson*, 2018 WL 650990, at *3.

**AFFIRMED.**

16-10117