**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10163 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00265-DAD-BAM-1 |
| v. | |
| JUSTIN WHITTINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

Before:  KLEINFELD, W. FLETCHER, and TALLMAN, Circuit Judges.

Defendant-Appellant Justin Whittington appeals his conviction for use of a

firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A). We have jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Whittington argues that interference with housing rights under 42 U.S.C. 3631 is not categorically a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3) and that his § 924(c) conviction must therefore be set aside. Because Whittington failed to object to the use of his § 3631 conviction as a predicate crime for his § 924(c) conviction, we review for plain error. *See United States v. Gonzales-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011). Under the plain error standard, we affirm the district court unless (1) there has been an error in the proceedings below; (2) that error is plain; (3) it affected substantial rights; and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011).

A crime of violence is either (1) an offense that "has an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A); or (2) an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *Id.* § 924(c)(3)(B). Under the first definition, the force required by the statute must rise to the level of "violent force." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018) ("[T]he *Johnson* standard also applies to the similarly worded force clause of § 924(c)(3)(A).") (citing *United States v.*

*Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017), *cert denied*, No. 17-8169, 2018 WL 1411915 (U.S. Apr. 23, 2018)).

A conviction under § 3631 requires that the government prove that the defendant used force or threatened to use force. 42 U.S.C. § 3631. Whittington has not produced any case in which the statute was applied to a defendant that used or threatened force that did not rise to the level of violent force. Further, the statutory section under which Whittington was convicted requires proof that the "acts include[d] the use, attempted use, or threatened use of a dangerous weapon." 42 U.S.C. § 3631. Accordingly, we hold that Whittington has not established that the district court committed plain error when it instructed the jury that § 3631 is a crime of violence.

Because we conclude that the district court did not commit plain error to the extent that it relied upon 18 U.S.C. § 924(c)(3)(A), we do not reach Whittington's argument that § 924(c)(3)(B) is void for vagueness.

Whittington's challenge to his sentence is duplicative of his substantive challenge to his § 924(c) conviction, and fails for the same reasons.

**AFFIRMED.**