# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30839
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2018

Lyle W. Cayce
Clerk

DERRICK LAMONT MASSENBURG,

Petitioner-Appellant

v.

M. A. STANCIL, Warden, United States Penitentiary, Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-776

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Derrick Lamont Massenburg, federal prisoner # 23774-056, appeals the dismissal of his 28 U.S.C. § 2241 petition. Massenburg was previously convicted of conspiracy to commit armed bank robbery, armed bank robbery, carrying a firearm during a crime of violence, and escape, for which he was sentenced to 363 months of imprisonment. In his § 2241 petition, Massenburg argued that, in light of *Mathis v. United States*, 136 S. Ct. 2243

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2016), his bank robbery conviction no longer qualifies as a predicate offense for his 18 U.S.C. § 924(c) conviction for carrying a firearm during a crime of violence. On appeal, he asserts that, in light of *Mathis*, he "may have been convicted of a nonexistent offense" and "that this error results in a miscarriage of justice."

The district court did not err by dismissing Massenburg's § 2241 petition. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Federal bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1). *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017). Because § 4B1.2(a)(1) defines crime of violence "in exactly the same manner as § 924(c)(3)(A)," *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *Brewer* necessarily dictates that federal bank robbery is also categorically a crime of violence for the purposes of a § 924(c)(1) conviction. Massenburg has thus failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The judgment of the district court is AFFIRMED.