**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15578 |
| Plaintiff-Appellee, | D.C. Nos. 1:15-cv-01956-LJO |
| v. | 1:94-cr-05036-LJO-1 |
| JOHN ALLEN NEWTON, | MEMORANDUM\* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted September 4, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and DOMINGUEZ,\*\*
District Judge.

Petitioner John Allen Newton ("Newton") appeals from the denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He challenges

his two convictions for use of a firearm during a crime of violence,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Daniel R. Dominguez, United States District Judge for the District of Puerto Rico, sitting by designation.

18 U.S.C. § 924(c), which were based on two underlying convictions for federal carjacking, 18 U.S.C. § 2119. Because the federal carjacking statute in effect when Newton committed his offenses in January and February 1994 is categorically a "crime of violence" under 18 U.S.C. § 924(c), we affirm the district court.

We are bound by *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), and *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017). *Gutierrez* held that an amended version of the federal carjacking statute is categorically a "crime of violence" under § 924(c)(3)(A)'s definition of a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 876 F.3d at 1257. It concluded that the "by intimidation" requirement of the carjacking statute "necessarily entails the threatened use of violent physical force." *Id*. Similarly, *Watson* held that federal bank robbery, 18 U.S.C. § 2113(a), which also proscribes robbery "by force and violence, or by intimidation," is categorically a crime of violence under § 924(c)(3)(A)'s definition. 881 F.3d at 785.

The federal carjacking statute in effect at the time Newton committed his offenses in January and February 1994 is not meaningfully different from the statutes at issue in *Gutierrez* and *Watson*. The version of the statute under which Newton was convicted is nearly identical to the amended version in

2

*Gutierrez* except that the amended version substitutes an "intent to cause death or serious bodily harm" element for a "possessing a firearm" element. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 60003(a)(14), 108 Stat. 1796, 1970 (Sept. 13, 1994). Newton attempts to distinguish *Gutierrez* because the version of the carjacking statute applicable to him lacks this mens rea requirement. But *Watson* determined *that* difference to be immaterial when it held that the parallel federal bank robbery statute, which still does not require an intent to cause serious bodily harm, was categorically a "crime of violence." 881 F.3d at 785. We are bound by those holdings.[1]

**AFFIRMED**.

---

[1] Because we may affirm on any ground supported by the record, *Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017), we do not decide whether Newton's § 2255 motion was timely, as that question is not jurisdictional. *See United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004) (holding that one-year limitations period on filing of § 2255 motions is subject to equitable tolling); *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015) (concluding that if a limitations period is "jurisdictional," it is not subject to equitable tolling).