# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY WAYNE LANCE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:15-CR-26-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Bobby Wayne Lance appeals his convictions and sentences for bank robbery, carjacking, two counts of Hobbs Act robbery, and four counts of using, carrying, and possessing a firearm and ammunition during, and in furtherance of, a crime of violence. Lance primarily argues that the district court erred by denying his motions to suppress eyewitness identifications and evidence relating to the bank robbery.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We must view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

When the evidence is viewed in the light most favorable to the Government, *see id.*, Lance fails to show that the reliability of the identifications made by Government witnesses Misti Nicholson and Brady Pierce was outweighed by the corrupting effect of any improper suggestions made by law enforcement. *See Perry v. New Hampshire*, 565 U.S. 228, 239 (2012). Contrary to his assertions, Lance did not move in the district court to suppress the identifications made by Government witnesses Adrianna Kellogg and Regina Wise, and he has, therefore, waived his challenges to those identifications. *See United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010). Even if we review for plain error, Lance's arguments regarding Kellogg and Wise fail as he cites no evidence that law enforcement officers made any suggestions to either Kellogg or Wise that could be deemed improper. *See Scroggins*, 599 F.3d at 448-49. Lance also contends that the district court erred by denying his motion to suppress evidence uncovered in a search of his home on the basis that the incriminating nature of large amounts of cash found in his clothes dryer was not immediately apparent, but his assertion is unconvincing given that at the time of the discovery, he was suspected by law enforcement of having robbed a bank. *See United States v. Waldrop*, 404 F.3d 365, 369 (5th Cir. 2005).

Assuming without deciding that Lance's challenge to his 18 U.S.C. § 924(c) convictions based upon *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), is

adequately preserved, we review de novo. *See United States v. Jennings*, 195 F.3d 795, 797 (5th Cir. 1999). Lance's argument fails since his convictions for bank robbery, carjacking, and Hobbs Act robbery remain crimes of violence under § 924(c)(3)(A). *See United States v. Johnson*, 880 F.3d 226, 235-36 (5th Cir.), *cert. denied*, 2018 WL 1993667 (Oct. 1, 2018) (No. 17-8632); *United States v. Jones*, 854 F.3d 737, 739-41 (5th Cir.), *cert. denied*, 138 S. Ct. 242 (2017); *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir.), *cert. denied*, 138 S. Ct. 149 (2017).

While he asserts that the written judgment contains a typographical error in that it fails to reflect the district court's oral recommendation at sentencing that he receive drug treatment, Lance's claim has been mooted by a correction made in the amended written judgment. As Lance concedes, we review for plain error his unpreserved challenge to the $886.70 in restitution imposed by the district court in relation to the robbery of the Carter's Store and RV Park convenience store. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Lance does not attempt to show how any error affects his substantial rights or seriously affects the fairness, integrity, or public reputation of judicial proceedings, however, and his claim therefore fails. *See id.*

AFFIRMED.