**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-17239 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-00320-SOM-KJM 1:15-cr-00060-SOM-1 |
| v. | |
| MARC SHIROMA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted February 11, 2019[**]
Honolulu, Hawaii

Before: TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Marc Shiroma appeals from the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C.

§ 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Under *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), Shiroma's conviction for bank robbery pursuant to 18 U.S.C. § 2113(a) qualifies as a crime of violence under the force clause of United States Sentencing Guidelines Manual (U.S. Sentencing Comm'n 2016) ("U.S.S.G.") § 4B1.2(a). We re-affirmed *Selfa* in *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam), holding that *Selfa* was not abrogated or overruled by *Johnson v. United States*, 559 U.S. 133 (2010).

2. Because it is clear from the record that the district court relied on U.S.S.G. § 4B1.2(a)'s force clause when it sentenced Shiroma, we do not address Shiroma's argument that the application of the career offender guidelines' residual clause to him violates due process. *United States v. Watson*, 881 F.3d 782, 784 (9th Cir.) (per curiam), *cert. denied*, 139 S. Ct. 203 (2018) ("We need not address the residual clause because we conclude that the relevant offense . . . is a crime of violence under the force clause."). Moreover, even if we were to reach it, Shiroma's due process argument is no different than the void for vagueness argument he raised, but then abandoned during the proceeding below after it became clear that his void for vagueness argument was precluded by *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Shiroma cannot avoid the preclusive effect of *Beckles* through artful drafting.

**AFFIRMED.**