**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MICHAEL SCOTT BURKE,
*Defendant-Appellant.*

No. 17-35446

D.C. Nos.
9:16-cv-00082-DWM
9:13-cr-00017-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 22, 2019\*
Portland, Oregon

Filed December 2, 2019

Before: Jerome Farris, Carlos T. Bea, and
Morgan Christen, Circuit Judges.

Opinion by Judge Bea

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### 28 U.S.C. § 2255

Affirming the district court's denial of a 28 U.S.C. § 2255 motion challenging the validity of a conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), the panel held that armed robbery involving controlled substances described in 18 U.S.C. § 2118(c)(1) is a crime of violence under 18 U.S.C. § 924(c)(3)(A).

## COUNSEL

Anthony R. Gallagher, Federal Defender; David F. Ness, Assistant Federal Defender; Federal Defenders of Montana, Great Falls, Montana; for Defendant-Appellant.

Kurt G. Alme, United States Attorney; Timothy A. Tatarka, Assistant United States Attorney; United States Attorney's Office, Billings, Montana; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

BEA, Circuit Judge:

The sole question presented by this appeal is whether the offense of armed robbery involving controlled substances described in 18 U.S.C. § 2118(c)(1) is a crime of violence under 18 U.S.C. § 924(c)(3)(A). We hold that it is.

The facts underlying this case are straightforward and not in dispute. Michael Burke walked into a Walgreen's Pharmacy, pointed a gun at an employee, and demanded all of the pharmacy's OxyContin. The employee complied, and Burke left the pharmacy with close to 900 pills. A responding officer later spotted Burke in a vehicle, at which point Burke led the police on a high-speed chase, eventually abandoned his car, and fled on foot. Hours later, police caught up with Burke and arrested him.

The government charged Burke with two counts: (1) armed robbery involving controlled substances, in violation of 18 U.S.C. § 2118(c)(1); and (2) use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Burke pleaded guilty to both offenses. The district court sentenced Burke to consecutive terms of 37 months on Count One and 84 months on Count Two, to be followed by concurrent five-year terms of supervised release.

Burke did not directly appeal his sentence, but later filed a motion challenging the validity of his § 924(c)(1)(A) conviction under 28 U.S.C. § 2255. Burke argued that his conviction for use of a firearm during a crime of violence is unlawful because the predicate offense for that charge— armed robbery involving controlled substances—no longer qualifies as a crime of violence. The district court denied

relief but granted a certificate of appealability. On appeal, the government does not raise any procedural barriers to our consideration of Burke's collateral attack, so we proceed straight to the merits.

As relevant here, § 924(c) punishes any person who uses or carries a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and—

> (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subparagraph (A) is known as the "elements clause," while subparagraph (B) is known as the "residual clause." Although the Supreme Court recently declared the residual clause unconstitutionally vague, *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that is of no consequence to this appeal because robbery involving controlled substances under 18 U.S.C. § 2118(c)(1) is a crime of violence under the elements clause.

The Supreme Court has held that to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "*violent* [physical] force—that is, force capable of causing physical pain or injury to another person." *Johnson v.*

*United States*, 559 U.S. 133, 140 (2010); *Davis*, 139 S. Ct. at 2325–26 (applying *Johnson* to § 924(c)). The question thus is whether the offense defined in the robbery involving controlled substances statute meets that standard. Under the categorical approach used to make that determination, *see Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), the more specific question is whether the least serious form of the offense meets the *Johnson* standard, *see Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). If it does, robbery involving controlled substances qualifies categorically as a crime of violence.

The federal robbery involving controlled substances provision provides, in relevant part:

> Whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act (21 U.S.C. 822) shall [be punished according to law].

18 U.S.C. § 2118(a). Burke argues that robbery involving controlled substances "by force or violence or by intimidation" does not constitute a crime of violence. Although such robbery "by force or violence" would undoubtedly constitute a crime of violence, Burke argues that the least violent form of the offense—robbery involving controlled substances through mere "intimidation"—does not meet the requirements for a crime of violence.

Burke contends that robbery involving controlled substances by intimidation does not necessarily require the use or threatened use of violent force against another as required under *Johnson*. But we have addressed this precise assertion twice before and rejected it both times. First, in *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017), we held that carjacking under 18 U.S.C. § 2119—which is a parallel provision to § 2118(a) and has an element that the defendant committed the crime "by force and violence or by intimidation"—was a crime of violence under § 924(c)(3)(A)'s elements clause. *Gutierrez* held that carjacking by "intimidation," as the least violent form of the offense, necessarily requires that the defendant take the property "in such a way that would put an ordinary, reasonable person in fear of bodily harm" and that a "defendant cannot put a reasonable person in fear of bodily harm without threatening to use force capable of causing physical pain or injury." *Id.* at 1257 (citation and internal quotation marks omitted). Carjacking by intimidation thus involves the requisite "threatened use of violent physical force" that qualifies the offense as a crime of violence under § 924(c)(3)(A)'s elements clause. *Id.*

Next, in *United States v. Watson*, 881 F.3d 782, 785–86 (9th Cir. 2018), we applied *Gutierrez*'s logic to hold that bank robbery under 18 U.S.C. § 2113(a)—which is again a parallel provision to § 2118(a) and has a "force and violence, or by intimidation" element—was a crime of violence under § 924(c)(3)(A)'s elements clause. *Watson* held that just like carjacking by intimidation in *Gutierrez*, bank robbery by intimidation under § 2113(a), as the least violent form of the offense, necessarily "requires at least an implicit threat" to use violent physical force and thus involves the requisite "threatened use of violent physical force" to qualify the

offense as a crime of violence under § 924(c)(3)(A)'s elements clause. *Id.* at 785.

There is simply no room to find robbery involving controlled substances under § 2118(a) is anything but a crime of violence under § 924(c)(3)(A)'s elements clause following *Gutierrez* and *Watson*'s binding precedent. The least violent form of each offense is the taking of something (money, a motor vehicle, or controlled substances) by intimidation, which under *Gutierrez* and *Watson* "necessarily entails" at a minimum the "threatened use of violent physical force" to qualify the offenses as crimes of violence under § 924(c)(3)(A)'s elements clause. *Gutierrez*, 876 F.3d at 1257; *Watson*, 881 F.3d at 785.

Because robbery involving controlled substances "by force or violence or by intimidation" is a crime of violence, so too is armed robbery involving controlled substances, which requires proof of all the elements of unarmed robbery involving controlled substances. *See* 18 U.S.C. § 2118(c)(1). Armed robbery involving controlled substances under § 2118(c)(1) thus cannot be based on conduct that involves less force than unarmed robbery involving controlled substances. For these reasons, armed robbery involving controlled substances under § 2118(c)(1) qualifies as a crime of violence under § 924(c)(3)(A).

**AFFIRMED.**