NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL DEMETRIUS LAMAR GRAY, AKA Paul Gray, <br><br> Petitioner-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent-Appellee. | No.    18-56507 <br><br> D.C. Nos.    2:16-cv-09680-CBM <br> 2:95-cr-00160-CBM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted November 12, 2020[**]
Pasadena, California

Before:   CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***] District Judge.

Paul Gray timely appeals from the district court's denial of his motion to

vacate his sentence under 28 U.S.C. § 2255.  We have jurisdiction under 28 U.S.C.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

§ 2253(a), and, reviewing de novo, *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc), we affirm.

1. The predicate offense for Gray's § 924(c) convictions, aggravated postal robbery in which he placed a mail carrier's "life in jeopardy by the use of a dangerous weapon," in violation of 18 U.S.C. § 2114(a), is a crime of violence.[1] The term "rob" in § 2114(a) means common-law robbery, *Carter v. United States*, 530 U.S. 255, 267 n.5 (2000), and common-law robbery is a crime of violence, *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). Additionally, robbery that puts a "life in jeopardy by the use of a dangerous weapon" means "a holdup involving the use of a dangerous weapon actually so used . . . that the life of the person being robbed is placed in an objective sta[t]e of danger." *Wagner v. United States*, 264 F.2d 524, 530 (9th Cir. 1959); *see also United States v. Bain*, 925 F.3d 1172, 1177 (9th Cir. 2019). Putting a life in an objective state of danger requires the intentional use, attempted use, or threatened use of physical force, which makes it a crime of violence. 18 U.S.C. § 924(c)(3)(A). The Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), that § 924(c)'s residual clause is unconstitutionally vague, does not compel a different result. *See United States v. Burke*, 943 F.3d 1236,

---

[1] Because § 2114(a) is divisible, we use the modified categorical approach to determine the specific offense of conviction. *See Descamps v. United States*, 570 U.S. 254, 261–63 (2013).

1238 (9th Cir. 2019) (noting that *Davis* "is of no consequence" to the court's analysis of predicate offenses under the elements clause of § 924(c)).

2. Gray's § 924(c) convictions are not invalid because the jury was instructed that liability for the predicate offenses of aggravated postal robbery could be based on *Pinkerton* or aiding and abetting. A defendant found guilty based on aiding and abetting or *Pinkerton* liability is treated as if that defendant had committed the offense as a principal. *See* 18 U.S.C. § 2(a); *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 659 (9th Cir. 2008); *United States v. Allen*, 425 F.3d 1231, 1234 (9th Cir. 2005). We have previously upheld § 924(c) convictions based on *Pinkerton* and aiding and abetting in *United States v. Gadson*, 763 F.3d 1189, 1214–17 (9th Cir. 2014) (conspiracy to distribute, and possession with intent to distribute, controlled substances), *Allen*, 425 F.3d at 1233–34 (bank robbery), and *United States v. Johnson*, 886 F.2d 1120, 1121–23 (9th Cir. 1989) (conspiracy to possess with intent to distribute cocaine). *See also Rosemond v. United States*, 572 U.S. 65, 67 (2014) (a defendant may be convicted under § 924(c) for aiding and abetting an armed drug sale if he "actively participated" in the predicate offense with "advance knowledge that a confederate would use or carry a gun during the crime's commission"). Since *Davis*, we have sustained § 924(c) convictions for robbery as a crime of violence. *See United States v. Dominguez*, 954 F.3d 1251, 1260–62 (9th Cir. 2020) (Hobbs Act robbery); *Burke*, 943 F.3d at 1238 (armed robbery involving controlled

3

substances).  *Davis* does not compel a different result or a reexamination of *Pinkerton* or aiding-and-abetting liability when, as here, the defendant was convicted of the underlying substantive crimes of violence as well as conspiracy.  Gray's § 924(c) convictions remain valid.

**AFFIRMED.**