129 F.3d 1340
 97 Cal. Daily Op. Serv. 9139
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louise Han PEREZ;[1] Joseph E. Perez; and
John Velasco Cruz, Defendants-Appellants.
Nos. 94-10313, 94-10314, 94-10400.
 United States Court of Appeals,
Ninth Circuit.
 On Remand From En Banc Court June 20, 1997.
Decided Dec. 8, 1997.
 
 Appeals from the United States District Court for the District of Guam; John S. Unpingco, Chief Judge, Presiding. D.C. No. CR-94-00036.
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case was remanded to us by an en banc panel of our court to consider two issues. First, we are asked to determine whether the convictions of defendants Joseph E. Perez and John Velasco Cruz[2] under 18 U.S.C. § 924(c)(1) are affected by Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which was decided two months after our panel decision. Second, we are asked to determine whether the district court erred by failing to submit to the jury a special verdict form regarding which firearm, or firearms, the defendants used in connection with the drug trafficking offenses. We were not asked to address this issue when the matter was first before us. We now address these issues separately.
 
 
 2
 * In Bailey, decided two months after our panel decision, the Supreme Court was called upon to define "use" under 18 U.S.C. § 924(c)(1), which criminalizes the "use" of a firearm "during and in relation to ... [a] drug trafficking crime."
 
 
 3
 The Supreme Court held that a conviction under § 924(c)(1) "[r]equires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Bailey, 516 U.S. at ----, 116 S.Ct. at 505. Active employment includes "[b]randishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at ----, 116 S.Ct. at 508. Evidence of the proximity and accessibility of the firearm, however, is not alone sufficient to support a conviction for "use." Id. at ----, 116 S.Ct. at 505.
 
 
 4
 * When the police officer entered Cruz's residence to execute a search warrant, he observed a hand emerging from under the kitchen table reaching for a Glock-19 nine millimeter semi-automatic pistol resting on a shelf against the kitchen wall. The hand grabbed and pulled the gun under the kitchen table. The officer discovered Cruz under the table loading the weapon.
 
 
 5
 Because Cruz was engaged in the "active employment" of his firearm by loading his weapon, such evidence, viewed in the light most favorable to the government, is sufficient to show "use" of a firearm during and in relation to a drug trafficking offense under Bailey. Thus, Cruz's conviction under § 924(c)(1) is unaffected by the application of the Bailey definition of "use."
 
 B
 
 6
 When the police officers entered Perez's house to arrest him he was seated on a couch. As he stood up, the officers noticed that a handgun was lying where Perez had been sitting on the couch. Bailey expressly did not extend the meaning of "use" to include a situation "where an offender conceals a gun nearby to be at the ready for an imminent confrontation." Id. at ----, 116 S.Ct. at 508. Thus, mere possession is not enough to establish "use." Id. at ----, 116 S.Ct. at 506. Because Perez did not actively employ the handgun, the evidence, viewed in the light most favorable to the government, is insufficient to show "use" as defined by Bailey. Thus, proper application of the Bailey definition of "use" compels us to reverse Perez's conviction under § 924(c).
 
 II
 
 7
 For purposes of § 924(c)(1), the type of firearm used, e.g., machine gun as opposed to ordinary handgun, is an element of the offense on which a jury instruction and finding is required. United States v. Alerta, 96 F.3d 1230, 1235 (9th Cir.1996) (dealing with omission of jury instruction and lack of specific finding as to type of firearm involved under § 924(c)(1)). "[F]ailure to provide the jury with an instruction on an element of a crime is subject to harmless error analysis, but under a very strict standard of harmlessness." Id. (citation omitted). "[T]he omission is harmless only if review of the facts found by the jury established that the jury necessarily found the omitted element." Id. (citation omitted). We now consider the application of Alerta as it relates first to Cruz and then to Perez.
 
 
 8
 * Because Cruz clearly "used" a weapon under the Bailey definition, the jury should have been instructed to submit a special verdict form regarding which firearm, or firearms, he used in connection with the drug trafficking offense. United States v. Perez, 116 F.3d 840, 849 (9th Cir.1997) (en banc). "Because of the immense consequences that follow a determination ... [of the type of firearm involved] ... a jury finding on that issue is required." Alerta, 96 F.3d at 1235.
 
 
 9
 In this case, the trial court instructed the jury to find that Cruz "[k]nowingly used or carried a Glock-19 nine millimeter semi-automatic pistol, with silencer attached, or a SWD Industries M-11, nine millimeter pistol, two silencers, or a SKS assault rifle while committing the crime." United States v. Perez, 67 F.3d 1371, 1384-85, n. 12 (9th Cir.1995) (emphasis added). Because the jury was not instructed to, and in fact did not, specifically find what type of weapon Cruz used, it is possible the jury found that Cruz used a weapon which did not necessarily increase the requisite sentence to thirty years.[3]
 
 
 10
 Under § 924(c)(1), if the Glock was not a semi-automatic assault weapon within the meaning of the statute and had no silencer, Cruz would be sentenced to five years in addition to his sentence on the underlying drug offense. If the Glock was a semi-automatic assault weapon within the meaning of the statute without a silencer, Cruz's sentence would be increased by ten years. If Cruz used or carried any firearm with a silencer, his sentence would be increased by thirty years.
 
 
 11
 Thus, the district court's failure to submit a special verdict form that related to the type of weapon Cruz used was not harmless. Accordingly, Cruz is entitled to a retrial on the § 924(c)(1) count. See Alerta, 96 F.3d at 1240 (reversing a conviction and sentence under § 924(c)(1) because the jury did not expressly find the type of weapon used).
 
 B
 
 12
 The evidence is insufficient to show that Perez "used" a weapon under Bailey. Accordingly, the district court's failure to submit a special verdict form as to the type of firearm involved was harmless as to Perez.
 
 III
 
 13
 Because Perez clearly did not "use" a firearm under Bailey, we REVERSE Perez's conviction under § 924(c). Although Cruz' loading of the firearm is a Bailey "use," we REVERSE Cruz's conviction under § 924(c)(1) because no special verdict form was submitted, and we REMAND his § 924(c)(1) count for retrial. Nothing stated in this disposition will affect Perez's and Cruz's other convictions.
 
 
 
 [1]
 Counsel for defendant Louise Han Perez did not participate in the en banc hearing
 
 
 [2]
 Perez and Cruz were convicted of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and being felons in possession of firearms in violation of 18 U.S.C. § 922(g). They also were convicted of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and using firearms during drug trafficking in violation of 18 U.S.C. § 924(c)
 
 
 [3]
 Cruz received a thirty year sentence for using a weapon during drug trafficking