**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Joseph Eclavea PEREZ, Defendant—**
**Appellant.**

No. 03–10681.

D.C. No. CR–94–00036–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2005.*

Decided March 1, 2005.

Karon V. Johnson, Asst. U.S. Atty., Hagatna, GU, for Plaintiff–Appellee.

William L. Gavras, Gorman & Gavras, Hagatna, GU, for Defendant–Appellant.

Before BEEZER, GRABER, and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Defendant Joseph Eclavea Perez appeals the sentence imposed following his conviction, after a jury trial, for distribution of heroin, 21 U.S.C. § 841(a)(1); possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1); and felon in possession of a firearm, 18 U.S.C. § 922(g).[1] He challenges the district court's decision to depart upward to Criminal History Category VI and, in a supplemental brief, challenges various upward adjustments made under the United States Sentencing Guidelines (U.S.S.G.).

The court sentenced Defendant based on a drug quantity higher than that charged in the indictment, and the record before us does not show that the parties stipulated to that amount. Also, Defendant's sentence was adjusted upward under U.S.S.G. § 3B1.1(a) based on the judge's finding that Defendant was an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."[2] Without those adjustments, the total offense level for the drug group would have been 14, more than nine levels less serious than the felon-in-possession group, resulting in a total offense level of 25, not 26.

Accordingly, we VACATE Defendant's sentence and REMAND for resentencing in a manner consistent with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 755–56, 160 L.Ed.2d 621 (2005), and *United States v. Ameline*, 400 F.3d 646 (9th Cir.2005).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We vacated Defendant's conviction for use of a firearm during drug trafficking, 18 U.S.C. § 924(c)(1), because the government did not prove that Defendant "used" the firearm.

*United States v. Perez*, 129 F.3d 1340 (9th Cir.1997) (per curiam).

2. Another adjustment, for possession of a dangerous weapon, U.S.S.G. § 2D1.1(b)(1), was based directly on the jury's finding that Defendant was a felon in possession of a firearm.