**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Shane Douglas HOSKINS, Defendant— Appellant.**

**No. 05–30138.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2006.

Decided Jan. 24, 2006.

Joshua A. Van de Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Jason T. Holden, Esq., Church, Harris, Johnson & Williams, Great Falls, MT, for Defendant–Appellant.

Before: KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,* District Judge.

---

* The Honorable Edward C. Rafeedie, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM **

Shane Douglas Hoskins appeals his jury conviction for various crimes arising out of a methamphetamine conspiracy. We affirm.

■ Hoskins first claims that the district court abused its discretion in refusing to disclose the identity of one of the government's confidential informants. The district court was required, under *Roviaro v. United States*[1] and *United States v. Amador–Galvan*, to determine whether Hoskins demonstrated a need for disclosure based on more than a " 'mere suspicion' " that the informant's information will "prove 'relevant and helpful' " or "essential to a fair trial."[2] If he met that burden, the court would have to balance the public interest in encouraging citizens to inform the government about criminal activity against the accused's right to prepare his defense.[3] Here, Hoskins made no such demonstration sufficient to establish abuse of discretion. The informant in this case never informed on Hoskins. At most, the informant might have provided impeaching testimony against Tina Gibson, an adverse witness. But Gibson admitted all of the information that Hoskins claimed he wanted. To the degree that Hoskins speculates that the informant may have had other valuable information, it is "mere suspicion" and cannot satisfy his burdens.

■ The district court did not abuse its discretion in permitting the prosecution to use the old conviction.[4] Hoskins's testimony was subject to two potential interpretations by the jury: either that he had not sold cocaine for 17 years or that he was only a marijuana user and had never sold cocaine at all. If the jury interpreted it the first way, then the prior conviction was highly relevant to impeach the truthfulness of his testimony. The district court was entitled to treat the prejudice as minimal for two reasons. First, the age of the conviction would tend not to throw much light on the defendant's character at the time of trial; second, the evidence about torture would likely have so much more impact on what the jury thought of Hoskins than the evidence about whether he sold cocaine 17 years ago. Thus, there was no abuse of discretion.

■ Hoskins claims that the jury did not have sufficient evidence to convict him of distributing methamphetamine. But the testimony by other witnesses that Hoskins gave them methamphetamine is sufficient to meet the standard set in *Jackson v. Virginia.*[5]

■ Hoskins also claims insufficiency of evidence for the witness tampering charge. Because Hoskins raises this argument for the first time on appeal, we review for plain error.[6] Hoskins might have a serious argument if the only support for the charge was the evidence that Hoskins had sent a blank affidavit for the witness to sign and that the affidavit contained false

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

2. *United States v. Amador–Galvan*, 9 F.3d 1414, 1417 (9th Cir.1993) (quoting *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir.1990)).

3. *See id.*

4. *United States v. Jimenez*, 214 F.3d 1095, 1097–98 (9th Cir.2000).

5. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stating that convictions must be upheld if a rational jury "could have found the essential elements of the crime beyond a reasonable doubt").

6. *See United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir.2001).

statements. But the jury also had evidence that Hoskins had tortured an individual for his other criminal purposes. Further, the cover letter Hoskins sent to the witness contained a contextually ominous statement that Hoskins was sending it "in case anything happens to you in the future. Let's hope that's not the case." Hoskins also wrote to a number of other people urging them to get the witness to sign the affidavit. Hoskins's letter to the witness also said that some individual was wicked and "might have to be stopped before she hurts someone," a statement that could be interpreted by the jury as showing an intention to harm persons who Hoskins might consider harmful. Taking all of this evidence together, a reasonable jury could have concluded that he did indeed "obstruct[ ], influence[ ], or impede[ ] any official proceeding, or attempt[ed] to do so." [7]

 Hoskins likewise claims that the district court erred in denying his Rule 29 motion on the gun charge or, in the alternative, that the district court erred in failing to instruct the jury that the type of firearm he possessed is an element of the crime.[8] Hoskins's claim that the government introduced no evidence with regard to the .32 is flatly incorrect. The government introduced the gun and introduced testimony that the gun was found in Hoskins's possession at the time of his arrest. This is sufficient evidence to support the conviction. Because Hoskins failed to object to the instruction at the time it was given, his jury instruction claim is re-

viewed for plain error.[9] While he correctly asserts that the type of gun is an element of 18 U.S.C. § 924(c)(1) and that the district court failed to explain to the jury that it must find which type of gun he used, Hoskins has not shown that "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." [10] The prosecution introduced the .32 and testimony explaining its involvement in the case.

It became clear at oral argument, as it was not from the brief, that Hoskins was not so much arguing that there was no evidence that he had a .32 as he was arguing that there was no evidence that the .32 was used "during and in relation to" the drug trafficking crime. The jury could have concluded that the presence of the .32 in the car along with the $15,000—which the jury could reasonably infer was drug money given the fact that Hoskins had been unemployed for years—established that the gun was there to protect the money that was the fruit of the drug conspiracy.

Hoskins's final argument—that *Almendarez–Torres* [11] is no longer good law—is precluded by Circuit precedent.[12]

The judgment of the district court is therefore

AFFIRMED.

**7.** 18 U.S.C. § 1512(c)(2).

**8.** *United States v. Perez,* 129 F.3d 1340, 1342 (9th Cir.1997) (per curiam).

**9.** *See United States v. Klinger,* 128 F.3d 705, 710 (9th Cir.1997).

**10.** *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718

(1997) (internal quotation marks omitted); *see also United States v. Recio,* 371 F.3d 1093, 1100 (9th Cir.2004).

**11.** *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**12.** *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).