**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF
AMERICA,
  *Plaintiff-Appellee*,

v.

MARCUS KALANI
WATSON, AKA Kiki
Seui; ROGUSSIA EDDIE
ALLEN DANIELSON,
  *Defendants-Appellants*.

No. 16-15357

D.C. Nos.
1:15-cv-00313-DKW-KSC
1:15-cv-00390-DKW-BMK
1:14-cr-00751-DKW

OPINION

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted September 13, 2017
San Francisco, California

Filed February 1, 2018

Before:  J. Clifford Wallace and Paul  J. Watford, Circuit
Judges, and W. Louis Sands,* District Judge.

Per Curiam Opinion

---

*The Honorable W. Louis Sands, United States District Judge for the
Middle District of Georgia, sitting by designation.

## SUMMARY[**]

**28 U.S.C. § 2255**

The panel affirmed the district court's denial of two defendants' motions under 28 U.S.C. § 2255 challenging the validity of their convictions for carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

The defendants argued that their convictions are unlawful because the predicate offense—armed bank robbery—no longer qualifies as a crime of violence.

The panel held that bank robbery "by force and violence, or by intimidation," 18 U.S.C. § 2113(a), is a crime of violence under the force clause of 18 U.S.C. § 924(c), and that because armed bank robbery under 18 U.S.C. § 2113(a) and (d) cannot be based on conduct that involves less force than unarmed bank robbery requires, armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c) as well.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Peter C. Wolff Jr. (argued), Federal Public Defender, Office of the Federal Public Defender, Honolulu, Hawaii; Alvin Nishimura, Kaneohe, Hawaii; for Defendants-Appellants.

John P. Taddei (argued), Attorney, Appellate Section; Sung-Hee Suh, Deputy Assistant Attorney General; Leslie R. Caldwell, Assistant Attorney General; Criminal Division, United States Department of Justice, Washington, D.C.; Thomas J. Brady, Assistant United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Plaintiff-Appellee.

Mia Crager, Assistant Federal Defender; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Sacramento, California; David M. Porter, Administrative Office of the United States Courts, Washington, D.C.; for Amici Curiae Ninth Circuit Federal Public and Community Defenders and the National Association of Criminal Defense Lawyers.

## OPINION

PER CURIAM:

We must decide whether armed bank robbery under federal law is a crime of violence under 18 U.S.C. § 924(c). We hold that it is.

The government charged Marcus Watson and Rogussia Danielson with armed bank robbery committed "by force, violence, and by intimidation," in violation of 18 U.S.C. § 2113(a) and (d), after they robbed an American Savings Bank while armed with handguns. The government also charged them with using or carrying a firearm during a crime of violence (namely, the armed bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A). Watson and Danielson pleaded guilty to both offenses. The district court sentenced Watson to 192 months and Danielson to 182 months in prison.

Watson and Danielson did not appeal. But less than a year after entry of judgment, they filed motions under 28 U.S.C. § 2255 challenging the validity of their § 924(c) convictions. They argued that their convictions for using or carrying a firearm during a crime of violence are unlawful because the predicate offense for that charge—armed bank robbery—no longer qualifies as a crime of violence. The district court denied the motions but granted certificates of appealability. On appeal, the government does not raise any procedural barriers to our consideration of this collateral attack.

Section 924(c) imposes a mandatory consecutive term of imprisonment for using or carrying a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A).

The term "crime of violence" is defined as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Clause (A) of this definition is known as the "force clause" and clause (B) is known as the "residual clause." We need not address the residual clause because we conclude that the relevant offense of armed bank robbery is a crime of violence under the force clause. *See United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (per curiam).

To qualify as a crime of violence under the force clause, the element of "physical force" must involve "violent" physical force—"that is, force capable of causing physical pain or injury." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Although *Johnson* construed the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), the *Johnson* standard also applies to the similarly worded force clause of § 924(c)(3)(A). *Gutierrez*, 876 F.3d at 1256.

The question, then, is whether bank robbery in violation of § 2113(a) meets the *Johnson* standard and thus qualifies as a crime of violence. We use the categorical approach to make that determination. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Under this approach, the sole focus is on

the elements of the relevant statutory offense, not on the facts underlying the convictions. *Id.* An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013).

The federal bank robbery statute provides, in relevant part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [shall be punished according to law].

18 U.S.C. § 2113(a).[1]

Watson and Danielson argue that bank robbery "by force and violence, or by intimidation" does not constitute a crime of violence. They do not dispute that committing bank robbery "by force and violence" necessarily entails the use of violent physical force as *Johnson* requires. But they argue

---

[1] Section 2113(a) also prohibits entering a bank with intent to commit a felony affecting the bank. 18 U.S.C. § 2113(a) (second paragraph). Although that offense is not a crime of violence, it is irrelevant to our analysis because it is divisible from the § 2113(a) bank robbery offense of which Watson and Danielson were convicted. *See United States v. Selfa*, 918 F.2d 749, 752 n.2 (9th Cir. 1990).

that the least violent form of the offense—bank robbery "by intimidation"—does not meet the requirements for a crime of violence for two reasons.

First, they contend that bank robbery by intimidation does not necessarily involve violent physical force as required under *Johnson*. We recently confronted this exact argument in *Gutierrez* and rejected it. *See* 876 F.3d at 1256–57. In *Gutierrez*, we held that "intimidation" as used in § 2113(a) requires that the defendant take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm" and that a "defendant cannot put a reasonable person in fear of bodily harm without threatening to use force capable of causing physical pain or injury." *Id.* at 1257 (internal quotation marks omitted). We concluded that bank robbery qualifies as a crime of violence because even its least violent form "requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *Id.* In so holding, we joined every other circuit to address the same question. *See United States v. Ellison*, 866 F.3d 32, 39–40 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016).

Second, Watson and Danielson argue that bank robbery by intimidation does not meet the *mens rea* requirement for a crime of violence. In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the Supreme Court held that a crime of violence requires "a higher degree of intent than negligent or merely accidental conduct." *Id.* at 9. Watson and Danielson contend that a defendant who negligently intimidated a victim could be convicted of bank robbery because intimidation is defined from a reasonable victim's perspective. *See Gutierrez*,

876 F.3d at 1257. But a defendant may be convicted of bank robbery only if the government proves that he at least "possessed knowledge with respect to the . . . taking of property of another by force and violence or intimidation." *Carter v. United States*, 530 U.S. 255, 268 (2000); *see also Ellison*, 866 F.3d at 39. Thus, contrary to Watson and Danielson's contention, a defendant may not be convicted if he only negligently intimidated the victim. *Carter*, 530 U.S. at 269. The offense must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use, or threatened use of violent physical force.

The Ninth Circuit Federal Public and Community Defenders and the National Association of Criminal Defense Lawyers, as *amici curiae*, raise one additional argument. They contend that even if bank robbery "by force and violence, or by intimidation" is a crime of violence, the statutory offense of bank robbery contained in § 2113(a) still does not qualify as one. They argue that § 2113(a) prohibits one indivisible offense of bank robbery with three alternative means of committing it: (1) by force and violence; (2) by intimidation; or (3) by extortion. And, they assert, the least violent form of that offense—bank robbery by extortion— does not qualify as a crime of violence. *See Moncrieffe*, 569 U.S. at 190–91.

Their argument fails because § 2113(a) does not contain one indivisible offense. Instead, it contains at least two separate offenses, bank robbery and bank extortion. *See United States v. Jennings*, 439 F.3d 604, 612 (9th Cir. 2006); *see also United States v. Eaton*, 934 F.2d 1077, 1079 (9th Cir. 1991); 9th Cir. Crim. Jury Instr. 8.162. Because § 2113(a) is divisible with respect to these two offenses and Watson and Danielson were convicted of the first offense, we need not

decide whether bank extortion qualifies as a crime of violence.

Because bank robbery "by force and violence, or by intimidation" is a crime of violence, so too is armed bank robbery. A conviction for armed bank robbery requires proof of all the elements of unarmed bank robbery. *United States v. Coleman*, 208 F.3d 786, 793 (9th Cir. 2000); *see* 18 U.S.C. § 2113(d).[2] Thus, an armed bank robbery conviction under § 2113(a) and (d) cannot be based on conduct that involves less force than an unarmed bank robbery requires. For that reason, armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c) as well.

**AFFIRMED.**

---

[2] Section 2113(d) provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.