**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10520 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00108-MMD-VPC-1 |
| v. | |
| VAN MCDUFFY, AKA Van McDuffie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 15, 2018**
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and NYE,*** District Judge.

Van McDuffy appeals his convictions for armed bank robbery resulting in

death under 18 U.S.C. § 2113 and murder with a firearm in the course of a crime of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

violence under 18 U.S.C. § 924(j)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1. The district court did not err in instructing the jury that "malice aforethought" includes knowingly and wilfully committing a felony. "[I]n modern criminal law, malice aforethought covers four different kinds of mental states: (1) intent to kill; (2) intent to do serious bodily injury; (3) depraved heart (i.e., reckless indifference); and (4) *intent to commit a felony*." *United States v. Pineda-Doval*, 614 F.3d 1019, 1038 (9th Cir. 2010) (emphasis added). Consequently, in regard to felony murder in 18 U.S.C § 1111, "the Government need only prove the intent to commit the felony, not the intent to inflict the injury." *United States v. Miguel*, 338 F.3d 995, 1006 (9th Cir. 2003); *see Dean v. United States*, 556 U.S. 568, 575 ("The felony-murder rule is a familiar example: If a defendant commits an unintended homicide while committing another felony, the defendant can be convicted of murder. *See* 18 U.S.C. § 1111."). "General intent . . . [is] knowledge with respect to the *actus reus* of the crime." *Carter v. United States*, 530 U.S. 255, 269–70. Thus, the district court did not err in instructing the jury that "malice aforethought" includes wilfully and knowingly committing bank robbery.

2. The district court did not err in determining that McDuffy's bank robbery qualified as a crime of violence for purposes of 18 U.S.C. § 924(c)(3). The district

court instructed the jury to find McDuffy guilty of violating § 2113(a) only if he "took money belonging to . . . Bank of America, using force and violence, or intimidation." As we recently held, "bank robbery 'by force and violence, or by intimidation' is a crime of violence" as that term is used in 18 U.S.C. § 924(c)(3). *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018).

**AFFIRMED.**