NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10361 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00079-RCJ |
| v. | |
| TOMMY RAY McADOO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted December 17, 2018[**]

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Tommy Ray McAdoo appeals from the district court's judgment and challenges the 188-month sentence imposed following his guilty-plea conviction for bank robbery with the use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

As McAdoo concedes, his claim that his 1990 conviction for bank robbery under 18 U.S.C. § 2113(a) is not a crime of violence is foreclosed by our decision in *United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018). McAdoo contends, however, that remand is required because the government did not prove at sentencing that he was convicted of bank robbery, rather than bank extortion. *See id.* at 786 (holding that section 2113(a) contains two separate offenses—bank robbery and bank extortion—and declining to decide whether bank extortion is a crime of violence).

In response to this court's request for supplemental briefing, the government submitted the information, plea agreement, and judgment related to McAdoo's 1990 conviction. Those documents, of which we take judicial notice, *see* Fed. R. Evid. 201(b); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), make clear that McAdoo's 1990 conviction was for bank robbery, not bank extortion.[1] *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Accordingly, we conclude that McAdoo's 1990 conviction, as well as his instant conviction, are crimes of violence and McAdoo was properly sentenced as a career offender. *See* U.S.S.G. § 4B1.1(a); *Watson*, 881 F.3d at 786.

McAdoo also argues that his 188-month sentence is substantively

---

[1] We deny McAdoo's motion to strike the government's supplemental excerpts of record. We deny as unnecessary the motion to strike the 1990 presentence report because the report has no bearing on our decision.

17-10361

unreasonable due to his advanced age, declining health, and motivations for committing the instant offense. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including McAdoo's significant criminal history and his continued commission of violent offenses. *See Gall*, 552 U.S. at 51.

McAdoo's motion to file a letter brief is granted. The Clerk shall file the letter brief submitted at Docket Entry No. 35.

**AFFIRMED.**

17-10361