NOT FOR PUBLICATION

FILED

JUL 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35402 |
| Plaintiff-Appellee, | D.C. Nos. 3:17-cv-00406-BR<br>3:10-cr-00487-BR-2 |
| v. | |
| PAMELA MARIE MCGOWAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submission Deferred April 19, 2019
Submitted July 10, 2019
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and LYNN,** District Judge.

Pamela McGowan appeals the district court's denial of her 28 U.S.C. § 2255

motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. McGowan concedes that her claim under *Dean v. United States*, 137 S. Ct.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

1170 (2017), was not filed within one year of when her conviction became final, as required by 28 U.S.C. § 2255(f)(1). She argues, however, that her motion is timely under § 2255(f)(3) because *Dean* applies retroactively to cases on collateral review. We expressly rejected that argument in *Garcia v. United States*, 923 F.3d 1242, 1246 (9th Cir. 2019). We therefore deny McGowan's *Dean* claim as time-barred.

2.     McGowan also argues that her prior conviction for armed bank robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c). That argument fails, however, because we have held that armed bank robbery is a crime of violence under § 924(c)'s force clause. *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018). The Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held that § 924(c)'s residual clause is unconstitutionally vague, does not affect our decision in *Watson*. *See Watson*, 881 F.3d at 784 ("We need not address the residual clause because we conclude that the relevant offense of armed bank robbery is a crime of violence under the force clause."). McGowan contends that *Watson* was wrongly decided, but because a three-judge panel of this court is generally bound by existing Ninth Circuit precedent subject to limited exceptions not applicable here, *see Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003), we must abide by the decision.

**AFFIRMED.**