**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10444 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00076-RFB-1 |
| v. | |
| JEFFREY ALAN JAMES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Jeffrey Alan James appeals from the district court's judgment and challenges

the 180-month sentence imposed following his guilty-plea conviction for Hobbs

Act robbery, in violation of 18 U.S.C. § 1951(a), and bank robbery and aiding and

abetting, in violation of 18 U.S.C. §§ 2113(a), (d) and 2.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

James contends that the district court procedurally erred by miscalculating the Guidelines range. First, the court did not err in calculating James's criminal history points. As James concedes, his contention that his prior conviction for bank robbery, 18 U.S.C. § 2113(a), is not a crime of violence is foreclosed. *See United States v. Watson*, 881 F.3d 782, 786 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018). Second, the court did not plainly err when it misstated the low end of the Guidelines range, just after correctly stating it. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1008 (9th Cir. 2010). In light of these circumstances, and the substantial upward variance, any error did not affect James's substantial rights. *See United States v. Dallman,* 533 F.3d 755, 761-62 (9th Cir. 2008).

James also argues that the sentence is substantively unreasonable in light of his untreated methamphetamine addiction. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including James's decision to involve his son in his crimes. *See Gall*, 552 U.S. at 51. Furthermore, the disparity between James's sentence and his son's is not unwarranted. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (no unwarranted sentencing disparity where defendants not similarly situated). Finally, contrary to James's

contentions, the record reflects that the district court considered the mitigating circumstance of his drug addiction, adequately explained the upward variance, and did not rely on any clearly erroneous facts in imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**