**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-17160 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:12-cv-02987-WBS-CKD |
| | 2:05-cr-00243-WBS-CKD-1 |
| JAVARIS MARQUEZ TUBBS, | |
| Petitioner-Appellant. | **MEMORANDUM**[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-17512 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-01355-WBS-CKD |
| | 2:05-cr-00243-WBS-CKD-3 |
| MICHAEL WAYNE BLANCHE, | |
| Petitioner-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**] District Judge.

Following a jury trial, defendants Javaris Tubbs and Michael Blanche were each convicted on two counts of (1) armed bank robbery and aiding and abetting, 18 U.S.C. § 2113(a), (d); *id.* § 2, and (2) use of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). The district court sentenced each defendant to sixteen-year terms of imprisonment: nine years for armed bank robbery, with seven years served consecutively for the firearm offense. Tubbs and Blanche petitioned for relief separately under 28 U.S.C. § 2255. In this consolidated appeal, they challenge the district court's denial of their § 2255 motions, seeking relief from their firearm sentences on the ground that armed bank robbery is not a crime of violence. We have jurisdiction under 28 U.S.C. §§ 2253(a) and 1291, and affirm.

While these appeals were pending, this court held that armed bank robbery is a crime of violence under 18 U.S.C. § 924(c). *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 203 (2018). *Watson* would resolve this appeal, except that Count One of the superceding indictment charged petitioners with a violation of "18 U.S.C. § 2113(a), (d), and 2—Armed Bank

---

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

2

Robbery, and Aiding and Abetting." Petitioners argue that *Watson* did not address Count One's aiding-and-abetting offense, and that aiding and abetting, 18 U.S.C. § 2, is not a crime of violence that supports the firearm enhancement.

We do not need to reach the question of whether aiding and abetting armed bank robbery is a crime of violence under 18 U.S.C. § 924(c). The jury forms for each of the defendants are the same. On each form, the jury was asked to find guilty or not guilty of "Armed Bank Robbery *and* Aiding and Abetting, as charged in Count 1 of the Superceding Indictment." (emphasis added). The jury in both cases wrote "guilty."

"[W]e interpret jury verdicts in light of the trial as a whole." *United States v. Hartz*, 458 F.3d 1011, 1022 n.9 (9th Cir. 2006). Reviewing the superceding indictment, the written and oral jury instructions, the trial transcript, and the jury verdict, we conclude that the jury found both Tubbs and Blanche guilty of armed bank robbery. Whether or not aiding and abetting an armed bank robbery is a crime of violence, the fact that they were convicted of armed bank robbery means that the enhancement was properly applied. *See Watson*, 881 F.3d at 786.

We decline to reach uncertified issues.

**AFFIRMED.**

*United States v. Tubbs*, No. 17-17160
*United States v. Blanche*, No. 17-17512

MILLER, J., concurring in the judgment:

Until we raised the issue by requesting supplemental briefing, the government never suggested that defendants Tubbs and Blanche were necessarily convicted of armed bank robbery as principals. And even then, the government acknowledged that "neither the parties, the court, nor the jury in this case would have thought to request an explicit finding on the theory of liability . . . . because whether [defendants] were found to have been acting as a principal or an aider and abettor, they would be treated the same." That is correct because 18 U.S.C. § 2(a) provides that anyone who aids or abets a federal offense "is punishable as a principal." Aiding and abetting is not a separate crime but simply another theory of liability for the substantive charge. *See United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005).

In the district court, the government presented alternative theories that the defendants were principals or aiders and abettors. The jury instructions stated that "[t]he government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted." And the government emphasized in closing that "[i]f one of the individuals . . . goes in the bank with a real gun, and you knew about it, and you wanted to bring about the consequences

1

of his actions inside the bank, you are equally guilty. Equally guilty. Aider and abettor."

To be sure, the verdict forms directed the jury to find each defendant guilty or not guilty of "Armed Bank Robbery *and* Aiding and Abetting." (emphasis added). But the forms gave only two options with respect to that count: "guilty/not guilty." (capitalization omitted). So if the jury thought either defendant was guilty as an aider and abettor but not as a principal, it had no way of indicating that finding. And having been instructed that either theory of liability was sufficient, the jury would have had no reason to find the defendants guilty under both theories. To the contrary, the jury must have understood that it should enter "guilty" as long as it believed each defendant was guilty either as a principal *or* as an aider and abettor. Indeed, that was the government's position all along.

I would not resolve this case on the basis of an argument the government declined to make. Instead, because the defendants may have been convicted as aiders and abettors, I would decide the issue presented to us by the parties: whether aiding and abetting federal armed bank robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See* 18 U.S.C. § 2113(a), (d). In accord with the other courts of appeals to consider the analogous issue of aiding and abetting Hobbs Act robbery under 18 U.S.C. § 1951(a), I would hold that it is and affirm the judgment on that basis. *See United States v. Richardson*, 948 F.3d 733, 742 (6th Cir. 2020);

2

*United States v. García-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1208 (2019); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). We have observed that "there is no material distinction between an aider and abettor and principals," and therefore aiding and abetting an offense "is the functional equivalent of personally committing that offense." *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 659 (9th Cir. 2008); *see also Rosemond v. United States*, 572 U.S. 65, 75–76 (2014). It is now undisputed that armed bank robbery is a crime of violence, *see United States v. Watson*, 881 F.3d 782, 784 (9th Cir.) (per curiam), *cert. denied*, 139 S. Ct. 203 (2018), so aiding and abetting armed bank robbery must be as well.