**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30215 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00040-SLG-2 |
| v. | |
| JOHN PIERCE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 17, 2021
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

John Pierce appeals his jury convictions for conspiracy to commit credit

union robbery, 18 U.S.C. § 371; armed robbery of a credit union, 18 U.S.C.

§ 2113(a) and (d); and brandishing a firearm during and in relation to a crime of

violence, 18 U.S.C. § 924(c)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 1291 and we affirm. Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

1. Pierce argues the evidence was insufficient to convict him of conspiracy to commit armed robbery. We review this challenge de novo. *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017). Because Pierce failed to raise this argument before the district court, we review for plain error. *See United States v. Garcia-Guizar*, 160 F.3d 511, 516–17 (9th Cir. 1998). "Under plain-error review, reversal is permitted only when there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). The parties dispute whether the plain error standard or the sufficiency test from *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), should be applied. However, in this circuit, a conviction predicated on insufficient evidence necessarily satisfies the plain-error test. *Cruz*, 554 F.3d at 844–45; *see also United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011).

To find plain error, we must conclude that a rational trier of fact could not have found the essential elements of conspiracy based on the evidence presented. *See Garcia-Guizar*, 160 F.3d at 517. The essential elements of conspiracy are "an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense." *United States v. Sangmeister*, 685 F.2d 1124, 1126 (9th Cir. 1982) (citation omitted). "A formal agreement is not necessary; rather the agreement may be inferred from the defendants' acts pursuant to the scheme, or other circumstantial evidence." *United States v. Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015) (internal quotation marks and citations omitted); *United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018) ("[A] tacit agreement will suffice."). "A tacit agreement may be inferred from the conspirators' conduct as well as other circumstantial evidence." *Gonzalez*, 906 F.3d at 792.

The government presented three main pieces of evidence to argue that Moore tacitly agreed to engage in an armed robbery: surveillance footage allegedly showing Moore and Pierce handling a gun in the vehicle's trunk, a prison telephone call between Moore and his sister in which Moore did not deny involvement in an armed robbery, and the cooperating witness's testimony about loaning Pierce the gun. These first two arguments lack merit. The surveillance

video of Pierce packing a duffel bag does not show a gun at all, and because there was no other evidence that the gun was ever in the duffel bag, the video does not offer circumstantial evidence that Moore knew that Pierce was armed. The same is true of the recorded jailhouse telephone call. Moore never referred to a gun in the call; he only responded to the caller by admitting to involvement as a driver. The government's argument that Moore would necessarily have responded to the caller's statement that the robbery had been an armed robbery is not persuasive; the caller accurately described the circumstances of the robbery.

However, we conclude the government presented sufficient circumstantial evidence for the jury to infer a tacit agreement based on the cooperating witness's testimony. The witness testified that Moore drove Pierce to pick up the gun prior to the robbery and waited for Pierce outside for around thirty minutes while Pierce collected the gun. A rational trier of fact could have inferred a tacit agreement between Pierce and Moore to secure and employ a gun in the robbery based on these facts. The outcome of this issue is largely controlled by the highly deferential standard that we apply. We do not find plain error.

2. Pierce also argues that armed robbery is not categorically a crime of violence under 18 U.S.C. § 924(c), but he concedes that current circuit precedent forecloses this challenge. "[A]rmed bank robbery under § 2113(a) and (d)

4

qualifies as a crime of violence under § 924(c)." *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018). Accordingly, we reject Pierce's argument, which he raised in order to preserve the issue.

**AFFIRMED.**