NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30183 |
| Plaintiff-Appellee, | D.C. Nos. <br> 2:96-cr-00257-WFN-1 <br> 2:96-cr-00257-WFN |
| v. | |
| VERNE JAY MERRELL, AKA Thomas C. James, AKA Jay, AKA Carl Avery Martell, AKA Jay Merrell, | MEMORANDUM* |
| Defendant-Appellant. | |
| UNITED STATES OF AMERICA, | No.   20-30189 |
| Plaintiff-Appellee, | D.C. No. <br> 2:96-cr-00259-WFN-1 |
| v. | |
| ROBERT SHERMAN BERRY, AKA Jim Preston, | |
| Defendant-Appellant. | |
| UNITED STATES OF AMERICA, | No.   21-30043 |
| Plaintiff-Appellee, | D.C. No. <br> 2:96-cr-00258-WFN-1 |
| v. | |

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CHARLES HARRISON BARBEE,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted April 12, 2022
Seattle, Washington

Before: BOGGS,[**] HURWITZ, and SUNG, Circuit Judges.

In 1997, Verne Merrell, Robert Berry, and Charles Barbee ("appellants") were convicted of twelve offenses, including four crimes of violence under 18 U.S.C. § 924(c). In 2019, the district court granted relief under 28 U.S.C. § 2255 and vacated two of the § 924(c) convictions, finding that the underlying predicate offenses did not qualify as crimes of violence in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The district court then resentenced appellants on the remaining § 924(c) convictions, both of which were predicated on armed bank robbery in violation of 18 U.S.C. § 2113(a). The district court imposed a thirty-year sentence on one of those counts because the firearm used in that crime was a "destructive device" – a pipe bomb. *See* 18 U.S.C. §924(c)(1)(B)(ii).

---

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

1. Appellants contend that the thirty-year penalty imposed for use of the pipe bomb was improper under the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the jury did not find that the "firearm" used in the bank robbery was a "destructive device." *See United States v. Perez*, 129 F.3d 1340, 1342 (9th Cir. 1997) ("For purposes of § 924(c)(1), the type of firearm used . . . is an element of the offense on which a jury instruction and finding is required."). We reject that contention. The jury was correctly instructed that under § 924(c)(1), a "firearm" includes a "destructive device," including "any explosive, [or] incendiary . . . bomb." *See* 18 U.S.C. § 921(a)(3)(A)–(D), (a)(4)(A) (Sept. 30, 1996). In the same instructions, the court included a copy of Count Five, which alleged that the offense involved use of "a firearm that is a destructive device (a pipe bomb)." More importantly, the verdict form returned by the jury expressly stated that the jury found the appellants "guilty of the offense of use of a firearm (pipe bomb) during a crime of violence (armed bank robbery on April 1, 1996) as alleged in Count 5 of the Indictment."

2. Barbee and Merrell also contend that armed bank robbery in violation of 18 U.S.C. § 2113(a) is not categorically a crime of violence, arguing that our decision to the contrary in *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018), cannot be reconciled with the Supreme Court's subsequent opinion in *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019). Our decisions after *Stokeling*,

however, have reaffirmed that armed bank robbery in violation of § 2113(a) is categorically a crime of violence. *See United States v. Hylton*, 30 F.4th 842, 849 (9th Cir. 2022); *Young v. United States*, 22 F.4th 1115, 1121 (9th Cir. 2022).

**AFFIRMED**.[1]

---

[1] We hold in a separate opinion filed today that the First Step Act of 2018, Pub. L. No. 115–391, tit. IV, § 403, 132 Stat. 5194, 5221–22 (2018), applies to appellants' resentencings after the grant of 18 U.S.C. § 2255 relief, and remand for the district court to resentence appellants in light of that Act. *United States v. Merrell*, No. 20-30183 (9th Cir. 2022).