UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30043 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00242-MO-1 |
| v. | District of Oregon, Portland |
| AYO KEITH HOGUE, | ORDER |
| Defendant-Appellant. | |

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[*] District Judge.

Appellant Ayo Keith Hogue's petition for rehearing and rehearing en banc (docket entry no. 88) is GRANTED in part and DENIED in part. Hogue's petition for panel rehearing is GRANTED. The court's September 8, 2022 memorandum disposition (docket entry no. 74) is hereby withdrawn and will be replaced with a concurrently filed memorandum disposition. Hogue's petition for rehearing en banc is DENIED as moot. The parties may file petitions for rehearing and rehearing en banc regarding the new memorandum disposition.

[*] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-30043 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00242-MO-1 |
| v. | |
| AYO KEITH HOGUE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted February 7, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Ayo Keith Hogue appeals his sentence for attempted bank robbery in

violation of 18 U.S.C. § 2113(a).  He contends that the district court erred in

determining that § 2113(a) is a "crime of violence" under Sentencing Guidelines

§ 4B1.2(a), thereby increasing his sentencing exposure as a career offender under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

§ 4B1.1. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Because Hogue failed to challenge his career offender status in the district court, we review this determination for plain error. *See United States v. Charles*, 581 F.3d 927, 932 (9th Cir. 2009). We reverse and remand.[1]

We apply the "formal categorical approach" to determine whether a criminal defendant's conviction is a crime of violence under § 4B1.2(a). *United States v. Prigan*, 8 F.4th 1115, 1118–19 (9th Cir. 2021) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). "If the conduct covered by [attempted bank] robbery sweeps more broadly than the conduct covered by § 4B1.2(a)'s crime-of-violence definitions, [attempted bank] robbery is not categorically a crime of violence." *Id.* at 1119.

Attempted bank robbery under § 2113(a) satisfies the elements clause if it "has as an element the use, attempted use, or threatened use of physical force

---

[1] We conclude that Hogue did not waive his right to appeal the issue raised here. Although the government acknowledges that the waiver provision contains exceptions, it argues that the "upward departure" exception does not apply because Hogue's career offender status is not "a sentence greater than a sentence that could be imposed under the applicable guideline range." U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.1 cmt. n.1(F) (U.S. Sent'g Comm'n 2018). But Hogue claims that his sentence *is* greater than the applicable guidelines range because the district court miscalculated the range. Because the waiver language tends to support Hogue's position, or at least is ambiguous, we decline to enforce it. *See United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016) ("[A]ny ambiguities in the [plea agreement] language are construed against the drafter, which in this case is the government.").

20-30043

against the person of another."  U.S.S.G. § 4B1.2(a)(1).  Although bank robbery, when completed, "qualifies as a crime of violence," *United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018), it does not follow that the least violent form of attempted bank robbery also "requires at least an implicit threat to use . . . violent physical force," *id.* (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017)).  Because an attempted crime of violence requires only "a substantial step" toward the completed crime—a step that "need not be violent," *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022)—attempted bank robbery under § 2113(a) "does not require the actual use of force, violence or intimidation," *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990).  Therefore, it does not satisfy the elements clause.

To satisfy the enumerated offenses clause, attempted bank robbery must contain the elements of a generic federal crime enumerated in § 4B1.2(a)(2), such as robbery or extortion, but "proving the elements of an attempted crime falls short of proving those of the completed crime," *United States v. Eckford*, No. 17-50167, 2023 WL 5210863, at *7 (9th Cir. Aug. 15, 2023).  Although Application Note 1 purports to extend the definition of "crime of violence" to "include . . . attempt[s] to commit such offenses," U.S.S.G. § 4B1.2 cmt. n.1, the plain text of § 4B1.2(a) "clearly omits inchoate offenses."  *United States v. Castillo*, 69 F.4th 648, 658 (9th

Cir. 2023). Because Application Note 1 is inconsistent with the Guidelines text, the district court plainly erred by applying it. *See id.* at 664.

The error affects Hogue's "substantial rights" and "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings," *id.* at 652, because the career offender enhancement increased Hogue's sentencing exposure. Although the revised Sentencing Guidelines, which take effect on November 1, 2023, will incorporate Application Note 1 into § 4B1.2's text, they will not apply to Hogue because "the *Ex Post Facto* Clause prohibits retroactive application of amended Guidelines that increase a defendant's sentencing range." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). We therefore remand for resentencing.

**REVERSED and REMANDED.**